UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                              CASE NO. 23-CR-20021-CMA-1

        Plaintiff,

vs.

MARIO HENRY GARCIA,

        Defendant,
_____/

### DEFENDANT, MARIO HENRY GARCIA'S MOTION FOR DOWNWARD VARIANCE PURSUANT TO THE TITLE 18 U.S.C. §3553(a) FACTORS

**COMES NOW** the Defendant, **MARIO HENRY GARCIA** (hereinafter referred to as "Mr. Garcia"), by and through his undersigned counsel, and presents herewith, his Motion for Downward Variance pursuant to the Title 18 U.S.C. §3553(a) Factors, and states as follows:

### INTRODUCTION

First, it should be clear that Mario Henry Garcia is sincerely remorseful for his criminal conduct and acknowledges that the offense to which he has entered his plea of guilty is of a serious nature. Further, he wholly realizes the impact his poor decision to become involved in this criminal conduct will have upon his family and his future, and knows that he has nobody to blame but himself. Mr. Garcia fully accepts responsibility for his conduct as discussed herein.

The United States Supreme Court has stated that Federal sentencing demands that every convicted person be treated as an individual and "every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 589 (2007); *United States v. Dixon,* 718 Fed. Appx. 873 (11th Cir. 2017).

It is the sincere desire that this Honorable Court will examine Mr. Garcia's "human failings" along with the other aspects of his life, and find that a sentence below the low-end of the advisory sentencing guideline range is appropriate in this instance.

## PROCEDURAL BACKGROUND

1. On April 4, 2023, the Defendant pled guilty to Counts One and Eight of the Indictment. Count One charged the defendant with fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. §1546(a). Count Eight charged him with aggravated identity theft, in violation of 18 U.S.C. §1028A(a)(1). [D.E. 30]

2. The Presentence Investigation Report provides at paragraph 83, as follows: "Based upon a total offense level of 18 and a criminal history category of I, the guideline imprisonment range is 27 to 33 months. As to Count Eight, a term of imprisonment of two years shall run consecutively to any other term of imprisonment, §5G1.2(a). [D.E. 35]

3. Mr. Garcia has not submitted Objections to the Presentence Investigation Report, therefore there are no issues in that regard for this Court's determination.

4. The sentencing hearing is presently scheduled for Wednesday, June 21, 2022 at 8:30 a.m. [D.E. 37]

5. The within Motion for Downward Variance pursuant to the Title 18 U.S.C. §3553(a) Factors is submitted in the utmost of good faith and in the interest of justice.

## TITLE 18 U.S.C. §3553(a) FACTORS THAT WARRANT CONSIDERATION

Title 18 U.S.C. §3553(a)(1) provides that the court in determining the particular sentence to be imposed, shall consider "*the nature and circumstances of the offense and the history and characteristics of the defendant.*"

With regard to the history and characteristics of Mr. Garcia, the Presentence Investigation Report prepared by the very capable Probation Officer more than adequately sets out his family history and personal information. However, there are some significant points that should be highlighted and which warrant consideration by this Court as set forth below.

### *Mario Henry Garcia's Genuine Remorse As a 18 U.S.C. §3553 Factor*

As noted above, Mario Henry Garcia is sincerely remorseful for his criminal conduct and wholly realizes the impact his poor decision to become involved in this conduct will have upon his family and his future.

A court may vary downward based on "personal factors" including "genuine remorse." *United States v. Gomez-Martinez,* 569 Fed. Appx. 777 (11th Cir. 2014). The 11th Circuit has long recognized that an offenders' "statement of remorse" is directly related to both 'the nature and circumstances of the offense and the history and characteristics of the defendant,' within the meaning of §3553(a)(1)." *United States v. Thomas*, 446 F.3d 1348, 1357 (11th Cir. 2006). As will be established at the sentencing hearing, Mr. Garcia is exceptionally remorseful for his criminal conduct. As the Court is well-aware, rehabilitation and refraining from further criminal conduct is unlikely without true remorse.

### *U.S.S.G. §4C1.1 Amendment to the Guidelines, entitled "Adjustment for Certain Zero-Point Offenders" Should Be Applied by way of a Variance so as to Avoid a Disparity in Sentencing Title 18 U.S.C. §3553(a)(6)*

Title 18 U.S.C. §3553(a)(6) provides that one of the goals of sentencing is to avoid disparities in sentencing.

Specifically, §3553(a) provides:

> "**(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with

3

> the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> **………………………………………..**
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and …"

The amendments to the sentencing guidelines, which have been adopted by the U.S. Sentencing Commission and are set to become effective on November 1st of this year, consistently recommend lower sentences for defendants—like Mr. Garcia—who have zero criminal history points.

Notably, the Commission has voted to adopt a new §4C1.1 that would reduce the total offense level by two points for zero-point defendants meeting the following criteria, all of which are met by Mr. Garcia: "(1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." (***Exhibit "A"***)

A two-level reduction of Mr. Garcia's total offense level would yield a decrease in the advisory sentencing range. The newly adopted amendments reflect the Sentencing Commission's

judgment that the current guidelines, at least in the case of first-time offenders with zero criminal history points, yield sentences that are too high. And only a few months from now, sentences imposed in cases just like this one will be anchored by guidelines that are lower than those applicable to Mr. Garcia's case today. Thus, a sentence below the guideline range here would be appropriate, both to accurately reflect Mr. Garcia's conduct and history based on the Sentencing Commission's most updated thinking as well as to avoid unwarranted disparities.

Therefore, a variance equating to two (2) levels would be appropriate for this anticipated guideline provision in addition to whatever other basis this Court finds for a variance.[1]

### *Mario Henry Garcia's Medical Conditions As 18 U.S.C. §3553 Factors*

The Sentencing Guidelines policy statement encompassed in U.S.S.G. §5H1.4 regarding the physical condition of a defendant provides in-part as follows:

> Physical condition or appearance, including physique, may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines.

Although the Defendant is not requesting a departure, the principles set out in this departure provision may be useful in gauging how the Defendant's medical conditions may be factored-in when fashioning the appropriate sentence in this case.

---

[1] The undersigned counsel has been advised that various District Courts in the Southern District of Florida have been granting variances in drug cases in-part based on the "Adjustment for Certain Zero-Point Offenders" amendment discussed above. (See: *United States v. Robles,* 22-CR-20494-RNS; *United States v. Christian Encarnacion*, 22-CR-20422-DMM, and *United States v. Palomino*, 22-CR-20501-BB.)

In this instance, it is submitted that the Defendant's medical conditions, individually or in combination with other characteristics, is present to an unusual degree and distinguishes this case from the typical cases covered by the guidelines.

Mr. Garcia suffered a stroke in 2009, and experienced amnesia and paralysis of the right side of his body requiring treatment at Mount Sinai Medical Center. Although the PSR states that, "[t]he defendant was able to fully recover within three to five months," Mr. Garcia suffered another stroke in October of 2021, and was treated at Jackson West Medical Center. Again, the stroke resulted in the paralysis of the right side of his body and speech amnesia. The PSR states that he was able to fully recover within nine months. Most respectfully, that statement is not correct inasmuch as since that stroke he continues to suffer from memory loss and vertigo.

Additionally, Mr. Garcia has been diagnosed with pre-diabetes, hypertension, and high cholesterol. In-part, as noted in the PSR, "[a]ccording to his medical discharge dated November 23, 2022, he was seen by Dr. Guillermo Santos, in Miami Springs, Florida, for a follow-up visit pertaining to a diagnosis of hyperlipidemia, hypertension and pre-diabetes. According to the discharge summary, the Defendant was prescribed a low sodium diet; lisinopril (commonly prescribed to treat hypertension) 20-milligram tablet, once daily; rosuvastatin (commonly prescribed to treat hyperlipidemia) 40-milligram tablet, once daily, metformin (commonly prescribed to treat hyperglycemia) 500-milligram tablet, twice daily, omeprazole (commonly prescribed to reduce stomach acid) 40-milligram capsule, twice daily …"

### *The Defendant's Relatively Minor Criminal History As a §3553(a)(1) Factor*

As reflected in the Presentence Investigation Report, at paragraphs 28 through 39, Mr. Garcia has had various contacts with the criminal justice system, however a close examination of

6

those prior contacts reveals that none of those prior contacts resulted in a conviction, having been either *nolle prossed* or dismissed, resulting in *zero criminal history points*. Additionally, it should be noted that the majority of those prior contacts were driver's license related.

Courts have held that a lack of a defendant's criminal record is an appropriate consideration for the court, and therefore may be given weight in this Court's §3553(a) analysis.

In *United States v. Monetti,* 705 Fed.Appx. 865 (11th Cir. 2017) the district court considered all the §3553(a) factors, and as for the defendant's personal history and characteristics, the court mentioned Monetti's lack of criminal history, and explicitly granted him a downward variance from his guideline range based in-part on the evidence that he had a low risk of recidivism.

A District Court may weigh a defendant's lack of a criminal record in its §3553(a) analysis, even when the defendant has been placed into a criminal history category of I. *United States v. Huckins*, 529 F.3d 1312, 1318-19 (10th Cir.2008). See also *United States v. Autery*, 555 F.3d 864 (9th Cir. 2009), where the guideline range was 41-51 months, and the court *sua sponte* granted a variance to probation. The court held that this was not unreasonable in-part because it was defendant's first conviction, and that a Criminal History Level I "did not fully account or his complete lack of criminal history."

In *United States v. White*, 506 F.3d 635, 645 (8th Cir.2007), it was held appropriate for the District Court to vary from the 108 to 135 month guideline range to a 72 month sentence based partly on the defendant's lack of criminal record; the court rejected the government's argument that the court could not consider the defendant's lack of a prior record because it had already been taken into account by the guidelines. The court found otherwise and stated, "[p]ursuant to §3553(a) a district court may consider factors already taken into account in calculating the advisory guideline range." *United States v. Polito*, 215 Fed. Appx. 354, 2007 WL 313463 (5th

7

Cir. Jan. 31, 2007) (unpub.)

<u>*18 U.S.C. § 3553(a)(2)*<br>*The need to protect the public from further crimes of the defendant.*<br>*There is a Low Risk of Recidivism.*</u>

Another important fact regarding Mr. Garcia is that there is a low risk of recidivism and a correspondingly lesser need of incarceration to protect the public. 18 U.S.C. § 3553(a)(2).

Based on the Title 18 U.S.C. §3553(a) factors, it is submitted that the likelihood of this Defendant engaging in criminal conduct in the future is extremely small, since he has clearly learned-his-lesson.

Mr. Garcia is presently sixty-five (65) years of age and has numerous medical conditions. When those facts are considered, one can conclude that it is likely that he will renew his commitment to be a law-abiding individual for the rest of his life. Therefore, it is submitted that a downward variance would be appropriate in this instance.

<u>*The Need for Individualized Sentencing*</u>

The United States Supreme Court in *Pepper v. United States,* 131 S.Ct. 1229 (2011), emphasized the need for individualized sentencing based not only on the crime, but on the particular defendant as well. They said that Federal sentencing demands that every convicted person be treated as an individual and "every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." Citing: *Gall v. United States*, 128 S.Ct. 586, 589 (2007).

As this Honorable Court is well-aware, the Court has full authority to consider any evidence in deciding whether the Guidelines "properly reflect §3553(a) considerations." *Rita v. United States,* 551 U.S. 338, 351 (2007).

The Supreme Court has expressly directed sentencing courts that they may not presume that the guidelines range is reasonable. *Gall v. United States,* 128 S. Ct. 586 (2007). Rather, sentencing courts are directed to make an "individualized assessment" of the sentence warranted by §3553(a) "based on the facts presented." *Gall v. United States,* 128 S. Ct. at 597 (2007). The result is that "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008). Ultimately, courts are required to impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote general and specific deterrence, rehabilitate the defendant, and protect the public. 18 U.S.C. §3553(a).

## **CONCLUSION**

It is respectfully submitted that there is a well-founded basis upon which this Court may grant this request for a downward variance, which will reflect the seriousness of the offense; promote respect for the law, and provide just punishment for the offense.

Additionally, such a variance would afford a more than adequate deterrence to any future criminal conduct of Mario Henry Garcia and protect the public as well. In sum and substance, such a sentence would be in accord with the principles set forth in Title 18 U.S.C. §3553.

It is respectfully submitted that Mr. Garcia, who is presently sixty-five (65) years of age, deserves another chance to be a productive law-abiding member of society at the earliest time possible.

A sentence below the advisory guideline range in this instance would be sufficient, but not greater than necessary, to comply with the sentencing goals set forth in Title 18 U.S.C.A. §3553(2)(A-D).

9

**WHEREFORE**, Defendant, **MARIO HENRY GARCIA,** respectfully prays that this Honorable Court enter its order granting the within Motion for a Downward Variance, and thereby impose a sentence below the low-end of the advisory sentencing guideline range.

      Respectfully submitted,

      ANA M. DAVIDE
      (Florida Bar No. 875996)
      ANA M. DAVIDE, P.A.
      420 South Dixie Highway, Suite 4B
      Coral Gables, Florida 33146
      Telephone: (305) 854-6100
      Fax: (305) 854-6197
      E-mail: ana@anadavidelaw.com
      (Counsel for Defendant, *Mario Henry Garcia*.)

      */s/   Ana M. Davide*
      ANA M. DAVIDE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of June, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      ANA M. DAVIDE (Florida Bar No. 875996)
      ANA M. DAVIDE, P.A.
      420 South Dixie Highway, Suite 4B
      Coral Gables, Florida 33146
      Telephone: (305) 854-6100 / Fax: (305) 854-6197
      E-mail: ana@anadavidelaw.com
      (Counsel for Defendant, *Mario Henry Garcia*.)

      */s/   Ana M. Davide*
      ANA M. DAVIDE

## SERVICE LIST

**United States of America v. Mario Henry Garcia**
**Case No. 23-CR-20021-CMA-1**
**United States District Court, Southern District of Florida**

Hayden P. O'Byrne, A.U.S.A.
Office of the United States Attorney
99 N.E. 4th Street
Miami, FL 33132
Telephone: (305) 961-9447
Fax: (305) 536-5321
E-mail: hayden.obyrne@usdoj.gov

William T. Zloch, A.U.S.A.
United States Attorney's Office
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: 561-820-8711
Fax: 561-820-8777
E-mail: William.Zloch@usdoj.gov

*<u>Exhibit "A"</u>*

(B)    Zero Point Offenders

# CHAPTER FOUR

## CRIMINAL HISTORY AND CRIMINAL LIVELIHOOD

\* \* \*

### PART C — ADJUSTMENT FOR CERTAIN ZERO-POINT OFFENDERS

**§4C1.1.    Adjustment for Certain Zero-Point Offenders**

(a)    ADJUSTMENT.—If the defendant meets all of the following criteria:

(1)    the defendant did not receive any criminal history points from Chapter Four, Part A;

(2)    the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3)    the defendant did not use violence or credible threats of violence in connection with the offense;

(4)    the offense did not result in death or serious bodily injury;

(5)    the instant offense of conviction is not a sex offense;

(6)    the defendant did not personally cause substantial financial hardship;

(7)    the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8)    the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9)    the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10)   the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

11

  decrease the offense level determined under Chapters Two and Three by **2** levels.

 (b)  DEFINITIONS AND ADDITIONAL CONSIDERATIONS.—

  (1)  "***Dangerous weapon***," "***firearm***," "***offense***," and "***serious bodily injury***" have the meaning given those terms in the Commentary to §1B1.1 (Application Instructions).

  (2)  "***Sex offense***" means (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of title 18, not including a recordkeeping offense; (iii) chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iv) of this definition.

  (3)  In determining whether the defendant's acts or omissions resulted in "***substantial financial hardship***" to a victim, the court shall consider, among other things, the non-exhaustive list of factors provided in Application Note 4(F) of the Commentary to §2B1.1 (Theft, Property Destruction, and Fraud).

*Commentary*

**Application Notes:**

1.  **Application of Subsection (a)(6).**—The application of subsection (a)(6) is to be determined independently of the application of subsection (b)(2) of §2B1.1 (Theft, Property Destruction, and Fraud).

2.  **Upward Departure.**—An upward departure may be warranted if an adjustment under this guideline substantially underrepresents the seriousness of the defendant's criminal history. For example, an upward departure may be warranted if the defendant has a prior conviction or other comparable judicial disposition for an offense that involved violence or credible threats of violence.

\* \* \*

## §5C1.1. Imposition of a Term of Imprisonment

 (a)  A sentence conforms with the guidelines for imprisonment if it is within the minimum and maximum terms of the applicable guideline range.

 (b)  If the applicable guideline range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required, unless the applicable guideline in Chapter Two expressly requires such a term.

    (c)    If the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by—

        (1)    a sentence of imprisonment; or

        (2)    a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment; or

        (3)    a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e).

    (d)    If the applicable guideline range is in Zone C of the Sentencing Table, the minimum term may be satisfied by—

        (1)    a sentence of imprisonment; or

        (2)    a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment.

    (e)    Schedule of Substitute Punishments:

        (1)    One day of intermittent confinement in prison or jail for one day of imprisonment (each 24 hours of confinement is credited as one day of intermittent confinement, provided, however, that one day shall be credited for any calendar day during which the defendant is employed in the community and confined during all remaining hours);

        (2)    One day of community confinement (residence in a community treatment center, halfway house, or similar residential facility) for one day of imprisonment;

        (3)    One day of home detention for one day of imprisonment.

    (f)    If the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment.

## Commentary

**Application Notes:**

1.    **Application of Subsection (a).**—Subsection (a) provides that a sentence conforms with the guidelines for imprisonment if it is within the minimum and maximum terms of the applicable

13